UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-00732-SVW-MAA    JS-6 | Date | 5/14/2021 |
|---|---|---|---|
| Title | *Girik Issaian v. J.B. Hunt Transport Services, Inc. et al.* | | |

Present: The Honorable    STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:**    ORDER GRANTING MOTION FOR SUMMARY JUDGMENT [40]

## I.  Introduction

Before the Court is a motion for summary judgment filed by Defendants J.B. Hunt Transport Services Inc. and J.B. Hunt Transport Inc.  For the reasons stated below, the motion is GRANTED.

## II.  Factual Background

Plaintiff Girik Issaian is a truck driver who began working with J.B. Hunt in March 2011.  Plaintiff's Statement of Genuine Issues of Disputed Material Facts ("PS") ¶ 24.  Plaintiff was classified as an independent contractor owner-operator, and he signed an Intermodal Independent Contractor Operating Agreement ("ICOA"), and subsequent addenda, that governed his arrangement with J.B. Hunt.  *Id.* ¶¶ 37, 42.

On November 2, 2018, Plaintiff was in an accident at the BNSF rail yard.  *Id.* ¶ 69.  Plaintiff called Samantha Ibarra, who was responsible for administering J.B. Hunt's relationship with independent contractor owner-operators.  Declaration of Samantha Ibarra, Dkt. 42-3 ¶¶ 2, 4.  Plaintiff told Ibarra that he was experiencing pain in his knee.  *Id.* ¶ 4.

Plaintiff visited J.B. Hunt's South Gate terminal a few times after the accident.  A day or two after the accident, Plaintiff walked a few blocks from his apartment to meet with an insurance adjuster at

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-00732-SVW-MAA | Date | 5/14/2021 |
|---|---|---|---|
| Title | *Girik Issaian v. J.B. Hunt Transport Services, Inc. et al.* | | |

J.B. Hunt's South Gate terminal. PS ¶ 75. Ibarra observed Plaintiff limping up the stairs around that time. Ibarra Decl. ¶¶ 7. Angie Grijalva, who supervised an operations team for Intermodal drivers, observed Plaintiff four weeks after the accident. Declaration of Angie Grijalva, Dkt. 42-2 ¶ 2, 7. He had a limp and complained about his knee. *Id.* ¶ 7.

Over the next three months, Plaintiff was periodically contacted by J.B. Hunt personnel. Ibarra called Plaintiff about every other week. Ibarra Decl. ¶ 9. Grijalva called Plaintiff several times in January and early February 2019. Grijalva Decl. ¶¶ 8, 11, 13.

During these conversations, Plaintiff expressed that he was in pain and was receiving treatment both for his knee and his back. Deposition of Angie Grijalva, Dkt. 63-1, Ex. B at 31-33, 38, 43, 53; Deposition of Samantha Ibarra, Dkt. 63-1, Ex. C at 70, 80-81, 84-85, 89, 99-100. When specifically asked at what point he could return to work, Plaintiff responded that his knee was still injured and he was still in pain. Grijalva Depo. at 43; Ibarra Depo. at 99-100.

Ibarra stated that she offered to allow Plaintiff to return to work as an employee driver, but he turned down the offer. Ibarra Decl. ¶ 9

Plaintiff's ICOA was terminated on February 7, 2019. PS ¶ 98.

J.B. Hunt had previously reassigned injured employees to vacant positions consistent with their medical limitations. Rachel Christensen, who was V.P. of operations for the West region between September 2017 and March 2020, testified about this practice. Deposition of Rachel Christensen, Dkt. 63-1, Ex. A at 12. Christensen testified that J.B. Hunt had previously provided light-duty positions to injured employee drivers such as filing paperwork, checking permits, or doing seat belt observations. *Id.* at 158. Christensen further explained that light-duty positions were only provided to individuals who had provided medical clearance to perform specific tasks: "typically – that driver ... was cleared by a doctor for some type of light duties; and J.B. Hunt would make an assignment based on the requirements of the medical provider." *Id.* at 156. However, no discussion took place regarding reassigning Plaintiff to a vacant position "because there was nothing that would indicate what position we would need to be searching for because he did not have requirements to return to work – or was not given the clear – the clearance to return to work." *Id.* at 157.

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-00732-SVW-MAA | Date | 5/14/2021 |
|---|---|---|---|
| Title | *Girik Issaian v. J.B. Hunt Transport Services, Inc. et al.* | | |

  Plaintiff offers no evidence that he ever informed J.B. Hunt that he was capable of performing any kind of work or that he provided J.B. Hunt with information about any particular medical restrictions. Plaintiff admitted at his deposition that he has remained incapable of working as a truck driver since his accident. Deposition of Girik Issaian, Dkt. 42-1, Ex. 27 at 201-05. Plaintiff also admitted that he has not worked anywhere else since the accident because he is not physically capable of working. *Id.* at 230-31. Plaintiff was classified by his accident insurance company as totally disabled in the months following his accident. PS ¶ 104. However, Plaintiff also testified that, even after his injuries from the accident, he was capable of doing "[w]hatever the other driver in J.B. Hunt employees doing when they getting in accident." Issaian Depo. at 275.

  Rachel Christensen stated that "J.B. Hunt had no positions available at the South Gate terminal for which Plaintiff would have been qualified to be reassigned from the time of Plaintiff's accident on November 2, 2018 until his contract terminated in February 2019." Second Declaration of Rachel Christensen, Dkt. 51-1 ¶ 3.

  Plaintiff only maintains claims under California's Fair Employment and Housing Act ("FEHA"), Cal. Gov. Code § 12940 et seq. Plaintiff previously asserted wage-and-hour and UCL claims based on independent contractor misclassification, but those claims have been voluntarily dismissed. Dkt. 67.

### III. Legal Standard

  Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the initial responsibility of informing the court of the basis of its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, admissions, or affidavits that demonstrate the absence of a triable issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In determining a motion for summary judgment, all reasonable inferences from the evidence must be drawn in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A genuine issue exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," and material facts are those "that might affect the outcome of the suit under the governing law." *Id.* at 248.

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-00732-SVW-MAA | Date | 5/14/2021 |
| Title | *Girik Issaian v. J.B. Hunt Transport Services, Inc. et al.* | | |

### IV. Application

#### a. The Court will Assume that Plaintiff is an Employee

It is generally accepted that only an employee may bring most claims under FEHA. *See Ali v. Synaptics, Inc.*, 2019 WL 10250947, at *2 (N.D. Cal. 2019) ("Although California courts have not cleanly decided this issue, FEHA protections are limited to employees and do not apply to independent contractors."); *see also* Cal. Prac. Guide: Employment Litigation (Rutter Group) § 9:2159 ("The FEHA prohibits discrimination against employees, not independent contractors.").

Although the parties operated under the assumption that Plaintiff was an independent contractor in the months following his injury, and J.B. Hunt maintains that Plaintiff was properly classified as an independent contractor, the Court will assume, in Plaintiff's favor, that Plaintiff was an employee for purposes of his FEHA claims.

#### b. Disability Discrimination

Plaintiff's first claim is for disability discrimination under Cal. Gov. Code § 12940(a). "[A] prima facie case for discrimination 'on grounds of physical disability under the FEHA requires [a] plaintiff to show: (1) he suffers from a disability; (2) he is otherwise qualified to do his job; and, (3) he was subjected to adverse employment action because of his disability." *Doe v. Dep't of Corrs. & Rehab.*, 43 Cal. App. 5th 721, 734 (2019) (quoting *Arteaga v. Brink's, Inc.*, 163 Cal. App. 4th 327, 344-45 (2008)). "In order to prevail on a discriminatory discharge claim under section 12940(a), an employee bears the burden of showing (1) that he or she was discharged because of a disability, and (2) that he or she could perform the essential functions of the job with or without accommodation." *Nadaf-Rahrov v. Neiman Marcus Grp., Inc.*, 166 Cal. App. 4th 952, 962 (2008) (citing *Green v. State of California*, 42 Cal. 4th 254, 257-58 (2007)).

For purposes of section 12940(a) claims, courts require that plaintiffs show that they are qualified to perform the essential functions of their own positions. *See Atkins v. City of Los Angeles*, 8

| | : | |
|---|---|---|
| Initials of Preparer | | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-00732-SVW-MAA | Date | 5/14/2021 |
| Title | *Girik Issaian v. J.B. Hunt Transport Services, Inc. et al.* | | |

Cal. App. 4th 696, 717 (2017). Although Plaintiff argues that reassignment was a reasonable accommodation, that argument is properly addressed in connection with Plaintiff's failure to accommodate claim and interactive process claims. *Id.* ("The question whether plaintiffs could perform the essential functions of a position to which they sought reassignment is relevant to a claim for failure to accommodate under section 12940, subdivision (m), and to a claim for failure to engage in the interactive process under section 12940, subdivision (o)." (citations omitted)); *see also Hastings v. Dep't of Corrs.*, 110 Cal. App. 4th 963, 971 (2003) ("[P]laintiff has failed to establish a prima facie case that his rejection ... because he is unable to perform the essential functions of a correctional officer (even with reasonable accommodation) constitutes disability discrimination.").

Here, there is no triable issue that Plaintiff could not perform the essential functions of his position as a truck driver when he was terminated. Plaintiff admitted in his deposition that his medical condition would have prevented him from passing a physical examination with the DMV to allow him to drive a truck. Issaian Depo. at 203. Between the date of his accident and the termination of his contract, Plaintiff was asked multiple times about his health and whether and when he could return to work. *See* Ibarra Decl. ¶¶ 10-13. Most importantly, before his contract was terminated, Plaintiff was given an opportunity to provide a date when he could return to work, and he said he could not do so. Grijalva Decl. ¶ 13. Accordingly, the undisputed facts demonstrate that Plaintiff was not medically able to perform the essential functions of a truck driver. PS ¶¶ 171-72. Consequently, summary judgment is appropriate on Plaintiff's section 12940(a) claim.

### c. Failure to Accommodate Claims

"Under section 12940, subdivision (m), it is an unlawful employment practice for an employer or other entity covered by this part to fail to make reasonable accommodation for the known physical or mental disability of an applicant or employee." *Doe*, 163 Cal. App. 4th at 344-45 (quoting Cal. Gov. Code § 12940(m)).

Plaintiff argues that J.B. Hunt is liable under section 12940(m) because Plaintiff was never offered a light-duty position. Specifically, Plaintiff points to deposition testimony from Christensen, Grijalva, and Ibarra that J.B. Hunt had on previous occasions reassigned disabled employees to light-duty work. Christensen Depo. at 156-58, Grijalva Depo. at 54, Ibarra Depo. at 74-75.

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-00732-SVW-MAA | Date | 5/14/2021 |
| Title | *Girik Issaian v. J.B. Hunt Transport Services, Inc. et al.* | | |

In some circumstances, reassignment to a vacant position is required as a reasonable accommodation under section 12940(m). *See Atkins*, 8 Cal. App. 5th at 721-22; *Jensen*, 85 Cal. App. 4th 245, 256 (2000); *Prilliman v. United Air Lines, Inc.*, 53 Cal. App. 4th 935, 950-51 (1997). However, for the two independent reasons explained below, Plaintiff fails to raise a triable issue that reassignment was required under these circumstances.

### i. Failure to Identify Vacant Position

"FEHA does not require reassignment if there is no vacant position the employee is qualified to fill." *Atkins*, 8 Cal. App. 5th at 721 (citations omitted); *see also Nealy v. City of Santa Monica*, 234 Cal. App. 4th 359, 377 (2015) (same); *Cuiellette v. City of Los Angeles*, 194 Cal. App. 4th 757, 767 (2011) (same). "FEHA does not require the employer to promote the employee or create a new position for the employee to a greater extent than it would create a new position for any employee, regardless of disability." *Nealy*, 234 Cal. App. 4th at 377.

"[A]n employer can prevail on summary judgment on a claim of failure to reasonably accommodate by establishing through undisputed facts that 'there simply was no vacant position within the employer's organization for which the disabled employee was qualified and which the disabled employee was capable of performing with or without accommodation.'" *Id.* at 378 (quoting *Jensen*, 85 Cal. App. 4th at 263). "In cases when courts have found a triable issue on reassignment, the employees have adduced evidence obtained through discovery that vacant positions for which they were qualified existed during the relevant period, but the employer failed to offer the positions to them." *Id.* at 377.

While it is not crystal clear who bears the ultimate burden on this issue under California law, the Court concludes that Plaintiff bears the ultimate burden of persuasion. California courts have held that employees bear the burden under section 12940(a) and (m) to establish the ability to perform the essential functions of a job with or without reasonable accommodation. *See Green v. State of California*, 42 Cal. 4th 254, 264 (2007); *Nadaf-Rahrov*, 166 Cal. App. 4th at 978. Additionally, California courts have held that the employee bears the burden of proof on a requirement very similar to the one at issue here – whether a plaintiff bears the burden of proving the existence of a vacant position for purposes of an interactive process claim under section 12940(n). *See Scotch v. Art Institute of*

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-00732-SVW-MAA | Date | 5/14/2021 |
|---|---|---|---|
| Title | *Girik Issaian v. J.B. Hunt Transport Services, Inc. et al.* | | |

*California*, 173 Cal. App. 4th 986, 1019 (2009); *Nadaf-Rahrov*, 166 Cal. App. 4th at 984. Relevant California case law therefore supports the conclusion that the employee bears the ultimate burden under section 12940(m) to identify a vacant position where reassignment is the requested accommodation. *See also Grantz v. State Farm Mut. Auto Ins. Co.*, 420 F. App'x 692, 694 (9th Cir. 2011) (affirming summary judgment on section 12940(m) claim where employee "ha[d] not proffered evidence that a vacant field position existed"); *cf. Stoll v. The Hartford*, 2006 WL 3955826, at *9 (S.D. Cal. 2006) (concluding that employer had but failed to meet its burden because it produced no evidence regarding vacancies).

J.B. Hunt offered undisputed evidence that no vacant position existed at the time of Plaintiff's termination for which he was qualified. Christensen stated that "[b]ased on my review of company records, J.B. Hunt had no positions available at the South Gate terminal for which Plaintiff would have been qualified to be reassigned from the time of Plaintiff's accident on November 2, 2018 until his contract terminated in February 2019." Second Christensen Decl. ¶ 3. This evidence was sufficient to satisfy J.B. Hunt's initial burden on summary judgment to point to the absence of any evidence supporting the existence of a vacant position for which Plaintiff was qualified.

Plaintiff offers no evidence creating a triable issue on the existence of a vacant position for which Plaintiff was qualified. As discussed above, Plaintiff only points to testimony that J.B. Hunt had in the past transferred injured employees to light-duty work. "An employer's policy or practice of offering other employees the same or similar assistance or benefits requested by the plaintiff ... is relevant to determining whether such assistance or benefits are 'reasonable.'" *Atkins*, 8 Cal. App. 5th at 722. However, FEHA does not require an employer to create a new position. *Id.* Without any evidence that a vacant position existed for which Plaintiff was qualified, Plaintiff has failed to raise a triable issue that J.B. Hunt failed to accommodate him by not assigning him to a light-duty position.[1]

---

[1] The Court notes that a reasonable accommodation may include offering a position at a different location. *See Buckingham v. United States*, 998 F.2d 735, 740 (9th Cir. 1993) (noting that transfer to another location is not per se unreasonable). However, Plaintiff offers no evidence of his interest in, ability to relocate to, or even the existence of another facility, much less a vacant position in another facility. Additionally, although this fact is not pivotal, the record reflects that Plaintiff lived blocks from the South Gate terminal, which would undermine any assumption J.B. Hunt might have otherwise made about Plaintiff's interest in relocating to another facility. PS ¶ 75. Consequently, the qualification in Christensen's statement that she only searched for vacant positions at the South Gate terminal does not preclude summary judgment on this basis.

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-00732-SVW-MAA | Date | 5/14/2021 |
| Title | *Girik Issaian v. J.B. Hunt Transport Services, Inc. et al.* | | |

### ii. Failure to Notify Employer of Limitations and Request Accommodation

"Section 12940, subdivision (m) requires an employer to accommodate only a *known* disability. Thus, the duty of an employer reasonably to accommodate an employee's handicap does not arise until the employer is aware of the employee's disability and physical limitations." *Doe*, 43 Cal. App. 5th at 738 (cleaned up and citation omitted). "Where the disability, resulting limitations, and necessary reasonable accommodations, are not open, obvious, and apparent to the employer, the employee bears the burden to specifically identify the disability and resulting limitations, and to suggest the reasonable accommodations." *Scotch*, 173 Cal. App. 4th at 1013 (cleaned up and citation omitted). "An employee cannot demand clairvoyance of his employer." *Doe*, 43 Cal. App. 5th at 738.

An employer's general knowledge of certain symptoms of an employee's disability is insufficient to put an employer on notice of the particular accommodations required. *See, e.g., id.* (notice to employer insufficient where it only described general learning disability and described certain symptoms including headaches, distraction, and disorganization under stress); *Avila v. Continental Airlines, Inc.*, 165 Cal. App. 4th 1237, 1249 (2008) ("Informing [employer] merely that plaintiff had been hospitalized was not sufficient to put [employer] on notice that plaintiff was suffering from a qualifying disability." (citation omitted)); *Goos v. Shell Oil Co.*, 2010 WL 1526284, at *11 (N.D. Cal. 2010) (notice insufficient where plaintiff "never informed anybody at [employer] what she could and could not do" and employer therefore "simply had no metric by which to determine that a given job would or would not be suitable to somebody with plaintiff's disability").

Here, it is undisputed that Plaintiff never provided information to J.B. Hunt about the nature of his disability and resulting limitations. J.B. Hunt was aware of certain symptoms that Plaintiff was experiencing. Ibarra and Grijalva both testified that Plaintiff told them that he was in pain and was having problems with his knee and back. Grijalva Depo. at 31-33, 38, 43, 53; Ibarra Depo. at 70, 80-81, 84-85, 89, 99-100. Ibarra and Grijalva also both saw Plaintiff limping when he visited the South Gate terminal. Ibarra Decl. ¶ 7; Grijalva Decl. ¶ 7. Although J.B. Hunt had some indication of the type of disability from which Plaintiff may have suffered, this limited information did not make "the disability, resulting limitations, and necessary reasonable accommodations ... open, obvious, and apparent to the employer." *Scotch*, 173 Cal. App. 4th at 1013. While communicating basic symptoms and an employer's visual observation may be sufficient to put an employer on notice of the limitations

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-00732-SVW-MAA | Date | 5/14/2021 |
| Title | *Girik Issaian v. J.B. Hunt Transport Services, Inc. et al.* | | |

associated with certain disabilities, Plaintiff's statements that he was in pain and his limping at the South Gate terminal would not have made clear to J.B. Hunt the scope of any restrictions required for a potential reassignment.

Moreover, given that Plaintiff's only response when asked about his ability to work was that he was still in pain and could not work, J.B. Hunt was not put on notice of Plaintiff's ability to perform any work. *See Goos*, 2010 WL 1526284, at *12 (notice insufficient where doctor "did not release Plaintiff to do anything"). In fact, the only medical information in the record about Plaintiff's limitations was a determination from Plaintiff's insurance company that Plaintiff was totally disabled. PS ¶ 104. Especially given that pain can lead to a wide range of different limitations, without any detailed information about Plaintiff's capacities, J.B. Hunt was not required to identify a vacant position consistent with an unknown set of limitations. *See Goos*, 2010 WL 1526284, at *12 ("[I]f a plaintiff wants her employer to consider the specific nature of her disability in crafting an accommodation, the burden rests on the plaintiff to inform the employer of those restrictions."). Consequently, the Court concludes that Plaintiff fails to raise a triable issue as to whether he put J.B. Hunt on notice of his specific limitations as required to bring a claim for failure to accommodate under section 12940(m).

### d. Failure to Engage in Interactive Process

"The interactive process required by the FEHA is an informal process with the employee or the employee's representative, to attempt to identify a reasonable accommodation that will enable the employee to perform the job effectively." *Scotch*, 173 Cal. App. 4th at 1013 (cleaned up and citation omitted). "Each party must participate in good faith, undertake reasonable efforts to communicate its concerns, and make available to the other information which is available, or more accessible, to one party." *Id.* at 1014 (citation omitted).

While a claim for failure to engage in the interactive process is distinct under California law, the Court concludes that the same undisputed facts discussed above also warrant summary judgment for J.B. Hunt on this claim.

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-00732-SVW-MAA | Date | 5/14/2021 |
| Title | *Girik Issaian v. J.B. Hunt Transport Services, Inc. et al.* | | |

        **i.**       **Failure to Identify Vacant Position**

      "To prevail on a claim for failure to engage in the interactive process, the employee must identify a reasonable accommodation that would have been available at the time the interactive process occurred." *Nealy*, 234 Cal. App. 4th at 379 (citations omitted). While an employee cannot be expected to have extensive information about possible accommodations during the employment process, "the employee should be able to identify specific, available reasonable accommodations through the litigation process, and particularly by the time the parties have conducted discovery and reached the summary judgment stage." *Id.* (citing *Scotch*, 173 Cal. App. 4th at 1018).

      The employee has the burden of proving the availability of a reasonable accommodation for purposes of a section 12940(n) claim. *See Nadaf-Rahrov*, 166 Cal. App. 4th at 984 ("[W]e conclude the burden of proving the availability of a reasonable accommodation [for purposes of section 12940(n)] rests on the employee."); *Scotch*, 173 Cal. App. 4th at 995 ("[T]o recover under section 12940, subdivision (n), the employee must identify a reasonable accommodation that was available at the time the interactive process should have occurred.").

      Here, as explained above, Plaintiff presents no facts from which a reasonable jury could infer that J.B. Hunt had a vacant position for which Plaintiff was qualified. Consequently, summary judgment is warranted for J.B. Hunt on the interactive process claim.

        **ii.**      **Failure to Initiate and Participate in Interactive Process**

      "The employee must initiate the [interactive] process unless the disability and resulting limitations are obvious." *Scotch*, 173 Cal. App. 4th at 1013. In assessing an employee's attempt to initiate the process, "[i]t is important to distinguish between an employer's knowledge of an employee's disability versus an employer's knowledge of any limitations experienced by the employee as a result of the disability." *Id.* (citation omitted). While no "magic words" are required, the employee "can't expect the employer to read his mind and know he secretly wanted a particular accommodation and sue the employer for not providing it." *Soria v. Univision Radio Los Angeles, Inc.*, 5 Cal. App. 5th 570, 598 (2016) (cleaned up and citation omitted).

| | |
|---|---|
| Initials of Preparer | PMC |

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-00732-SVW-MAA | Date | 5/14/2021 |
|---|---|---|---|
| Title | *Girik Issaian v. J.B. Hunt Transport Services, Inc. et al.* | | |

As explained above, it is undisputed that Plaintiff never presented J.B. Hunt with any information about particular limitations as a result of his injuries. The only information which J.B. Hunt possessed was that Plaintiff was categorized as totally disabled by his insurer, that he was in too much pain to work, and that he was limping when he visited J.B. Hunt's office. Without presenting any information about the work that Plaintiff could do, Plaintiff had not triggered J.B. Hunt's obligation to look for accommodations, including alternative vacant positions, consistent with unknown restrictions and capabilities in the months after Plaintiff's accident.

Moreover, although the Court has assumed that Plaintiff qualifies as an employee under FEHA, the Court finds relevant that both parties assumed that the legal status of Plaintiff's relationship with J.B. Hunt at the time was that of independent contractor. While J.B. Hunt did not invite Plaintiff to participate in the interactive process in a conventional way, Ibarra stated that "[d]uring at least one of my conversations with Plaintiff, I remember offering him employment as an Intermodal company driver, but Plaintiff said he did not want to be employed." Ibarra Decl. ¶ 9; *see also* Ibarra Depo. at 101 ("[E]very time we offered [Plaintiff] a company employee position, he would refuse. He's like, 'I don't want to be an employee.'"). Even if J.B. Hunt had some initial obligation to offer a particular accommodation as some courts have held, *see Goos*, 2010 WL 1526284, at *10 (noting that "[s]ome cases appear to place the burden on the employer to offer an accommodation"), Plaintiff's lack of interest in an employee position under the circumstances amounts to a failure to participate in the interactive process in good faith. *See Scotch*, 173 Cal. App. 4th at 1014 ("Liability hinges on the objective circumstances surrounding the parties' breakdown in communication, and responsibility for the breakdown lies with the party who fails to participate in good faith." (citation omitted)).

V.  **Conclusion**

For the foregoing reasons, the motion for summary judgment is GRANTED.

IT IS SO ORDERED.

|  | : |
|---|---|
| Initials of Preparer | PMC |